**In the Matter of K.S., T.W. & G.S., alleged deprived children.**

**No. 55386.**

Supreme Court of Oklahoma.

Nov. 23, 1982.

Steven L. Parker, Tecumseh, for appellants.

Robert H. Macy, Dist. Atty., Roma McElwee, Asst. Dist. Atty., Oklahoma City, for appellee.

BARNES, Vice Chief Justice:

On January 22, 1979, T.W. and K.W., formerly K.S., were adjudicated to be deprived children by the trial court. On September 13, 1979, parental rights of the natural mother, B.P., were terminated. On January 22, 1980, the children were adopted by H.W. and L.W. in the District Court of Canadian County, Oklahoma. On February 20, 1980, A.S. and M.S., appellants, the parents of B.P. and the natural maternal grandparents of the children, made application for visitation with the children. On May 14, 1980, after hearing testimony, the trial court in its journal entry of judgment made the following findings:

"2. That the court has jurisdiction over the parties hereto and the subject matter of this action.

3. That this court has the authority to deny visitation to the applicants herein, but in any event, said applicants have no standing to petition this court for visitation rights with the minor children herein for the reason that these rights are derived through the parental rights of their daughter, B.P., natural mother of these minor children, and when this court terminated the parental rights of B.P. in and to these children on September 13, 1979 in this cause, the rights of the grandparents were also terminated.

4. That 10 O.S.A. §§ 5 and 60.16 are inapplicable in the case at bar and the applicants are precluded from asserting any rights of visitation under these statutes.

5. That a complete family unit has been established between respondents and T.W. and K.W., and that it is important that this family unit not be disrupted; that even if the applicants did have standing to request visitation, it is not in the best interests of these children to order visitation with the applicants, although the court would not forbid if the children desire to visit their grandparents and the respondents, as parents, determine that such visitation is in the children's best interests; and that the children's wishes should be respected in regard to such visitation, and the applicants should be admonished not to press the children for visitation."

The court then entered its order and judgment in keeping with its findings and appellants appeal.

Appellants contend the trial court misinterpreted "the grandparent visitation" statutes to-wit: 10 O.S.1981 §§ 5 and 60.16(3) in holding said sections were inapplicable to grandparents when their natural child's parental rights have been terminated; that in so ruling, the trial court created an exception of certain grandparents which the legislature never intended; that §§ 5 and 60.-16(3), *supra,* clearly states "*any* grandparent" shall have the right to petition for visitation. (appellants emphasis added).

We agree with the trial court:

The pertinent part of § 5, *supra,* is:

"When one or both parents are deceased or if they are divorced, any grandparent, who is the parent of the child's deceased or divorced parent, shall have reasonable rights of visitation to the child, when it is in the best interests of the child."

The pertinent part of § 60.16(3), *supra,* is:

"3. When one or both the natural parents of a child are deceased or if they are divorced and the consent to adoption is executed to a blood relative, or to a natural parent's spouse, any grandparent, who is the parent of the child's deceased or divorced natural parents, may be given reasonable rights of visitation to the child, in accordance with the provisions of § 5 of this title provided the court deems it to be in the best interests of the child."

The wording of each section is clear. Both refer to deceased or divorced parents and then continue: "any grandparent, *who* is the parent of the child's *deceased* or *divorced* parent." (emphasis added). No reference or inference is made as to a grandparent of a child who's parent has had his or her parental rights terminated.

Appellants urge §§ 5 and 60.16(3), *supra,* apply even then because their daughter, B.P., was a divorced parent. Again, we do not agree because she was a divorced parent before she became a parent whose parental rights had been terminated.

Section 5, *supra,* was amended in 1975 adding the language above quoted and § 60.16(3) was amended in 1978 adding the language above quoted. But in so amending, the legislature was specific in defining conditions which give this right of visitation; *deceased* or *divorced* parents (emphasis added). Expanding the statutory authority, by judicial decree to apply for visi-

tation to include *all* grandparents in any given situation, or merely to include grandparents where children's parental rights have been terminated, would be to read something into the law that was clearly beyond the intention of the legislature. We therefore find the trial court did not err in holding appellants were precluded from asserting any claim for visitation rights under §§ 5 and 60.16(3), *supra.*

The facts in this case are very similar to those in *Leake v. Grissom,* 614 P.2d 1107 (Okl.1980) where we addressed directly the question of grandparents alleged constitutional rights of visitation under §§ 5 and 60.16(3), *supra.* There, appellants were the natural paternal grandparents. The parental rights of the children's natural father were terminated. The children were then adopted by their natural mother's husband. Appellants made application for the right to visit their grandchildren and invoked §§ 5 and 60.16(3), *supra,* to support their application, alleging they had a constitutional right to visit their grandchildren. To that we said:

"The right of a parent to the companionship, care, custody and management of his/her child is a basic fundamental right protected by the United States and Oklahoma Constitutions. The right of visitation in the absence of a statute derives from the right of custody. A grandparent who has no right to the custody of the child is not entitled to an award of visitation rights. A parent is under no legal obligation to permit a child to visit its grandparents in the absence of a statute."

In *Leake, supra,* we also discussed the relationship created by adoption, we said,

"Adoption creates a legal relationship of parent and child between persons who were not so related by nature or law. Except for illegitimate children, if a natural relationship of parent and child exists, there is no need for a legally created relationship. Adoption confers no benefits or rights, nor does it impose any obligations or duties which did not exist as the result of the natural relationship."

Continuing we said:

"This court is not insensitive to the yearning of grandparents for the company of their grandchildren. However, this longing may not be translated into a legal right in the absence of a statute dictating visitation. Where the adoption statute accords the adopted child the status of a natural child, the court, in the absence of statutory authority to the contrary, may not grant visitation privileges to the grandparents. The parents are free to permit visits by the grandparents, but there is no legal authority for compelling them to do so."

*In the Matter of Fox,* 567 P.2d 985 (Okl. 1977) we stated:

Under the statute, 10 O.S.1971 § 60.16 the adoptive parents are entitled to exercise all the rights of natural parents. Thus, whether the natural grandmother, Pauline Fox, can continue visitation with the children is within the discretion of the children's adoptive parents. While we sympathize with the considerations which led the trial court to grant visitation rights in this case, the compassion shown by the trial judge must give way to the new family union which the law has created. The severance by adoption must be complete. Although the new parents are free to allow anyone they wish to visit the children, there is no legal authority for compelling them to do so once the final decree of adoption is entered. *Id.* at 987.

We affirm the trial court's judgment.

IRWIN, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

WILSON, J., concur in results.

OPALA, J., concur in part, dissent in part.